COOLEY LLP
MICHELLE C. DOOLIN (179445) (doolinmc@cooley.com)
DARCIE A. TILLY (239715) (dtilly@cooley.com)
TIMOTHY D. HANCE (288378) (thance@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone:     (858) 550-6000
Facsimile:     (858) 550-6420

Attorneys for Defendant
HAWTHORNE LABS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ATEBAR, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HAWTHORN LABS, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**NOTICE OF REMOVAL OF ACTION FROM THE SUPERIOR COURT OF THE STATE OF CALIFORNIA TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1331 AND 1441**<br><br>SUPERIOR COURT FOR THE COUNTY OF SANTA CLARA, CASE NO. 114cv258625 |

TO PLAINTIFF, HIS ATTORNEYS-OF-RECORD, AND THE CLERK OF THE ABOVE CAPTIONED COURT:

PLEASE TAKE NOTICE that Hawthorne Labs, Inc. ("Hawthorne") hereby removes the above-captioned action from the Superior Court of the State of California for the County of Santa Clara in which it is now pending, to the United States District Court for the Northern District of California.  This civil action is removed on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).  For the reasons set forth herein, this Court has original jurisdiction over this action since Plaintiff's claim concerns the Telephone Consumer Protection Act ("TCPA") of 1991, 47 U.S.C. § 227.  *Mims. v. Arrow Fin. Servs., LLC*, 131 S. Ct. 740, 748

(2012) ("Because federal law creates the right of action and provides the rules of decision, [Plaintiff's] TCPA claim, in 28 U.S.C. § 1331's words, plainly 'aris[es] under' the 'laws . . . of the United States.'").

### PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.      On January 7, 2014, Omar Atebar ("Plaintiff") filed a complaint against Hawthorne Labs, Inc. in the Superior Court of the State of California for the County of Santa Clara entitled *Omar Atebar v. Hawthorn Labs, Inc.*, Case No. 114cv258625 (the "Complaint"). The Complaint asserts one cause of action based on violation of the TCPA.

2.      Hawthorne was first served with a summons and complaint in the state court action on February 18, 2014.  A true and correct copy of the Complaint and Civil Case Cover Sheet is attached hereto as Exhibit A, and is incorporated fully herein by this reference.  A true and correct copy of the summons is attached hereto as Exhibit B.  A true and correct copy of the executed Notice and Acknowledgment of Receipt is attached hereto as Exhibit C.  *See* Cal. Code. Civ. Pro. § 415.30(c) ("Service of a summons pursuant to this section is deemed complete on the date a written acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender.").

3.      This Notice of Removal is timely because it has been filed within thirty days of when Hawthorne was simultaneously served with the summons and Complaint.  *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 345-46 (1999) ("[I]f the summons and complaint are served together, the 30-day removal period runs at once.").

### PLAINTIFF'S ALLEGATIONS SUPPORTING REMOVAL

4.      Plaintiff alleges that he received an unsolicited text message advertisement from Hawthorne on September 11, 2011.  (Compl. ¶18.)

5.      Plaintiff alleges that by using an automatic telephone dialing system ("ATDS") to send the text message to his cellular phone without his consent, Hawthorne violated the TCPA. (Compl. ¶¶24, 30.)

6.      Plaintiff seeks to recover $500 for each violation of the TCPA, as well as attorneys' fees, costs, treble damages, and other remedies allowed by the TCPA.  (Compl.  ¶¶31-32.)

7.      This Court has original jurisdiction over the instant action, pursuant to 28 U.S.C. § 1331, since the only asserted cause of action in the Complaint arises under federal law.  *See Mims*, 131 S. Ct. at 748 (holding that federal law creates the right of action for TCPA claims because such claims plainly arise under the laws of the United States).  The instant action, in its entirety, is properly removable, pursuant to 28 U.S.C. §1441(a).

### NOTICE TO THE SUPERIOR COURT OF SANTA CLARA COUNTY

Contemporaneously with the filing of this notice in the above-captioned court, and pursuant to 28 U.S.C. § 1446(d), Hawthorne is filing a true and correct copy of this Notice of Removal of Action with the clerk of the Superior Court of Santa Clara County.


Dated: March 20, 2014                    COOLEY LLP
                                         MICHELLE C. DOOLIN (179445)
                                         DARCIE A. TILLY (239715)
                                         TIMOTHY D. HANCE (288378)


                                         /s/Michelle C. Doolin
                                         Michelle C. Doolin (179445)
                                         Attorneys for Defendant
                                         HAWTHORNE LABS, INC.

Exhibit A

1  Thomas A. Kearney (State Bar No. 90045)
   Prescott W. Littlefield (State Bar No. 259049)
2  **KEARNEY LITTLEFIELD LLP**
   633 W. Fifth Street, 28th Floor
3  Los Angeles, CA 90071
   Telephone:    (213) 473-1900
4  Facsimile:    (213) 473-1919
   E-mail:       tak@kearneylittlefield.com
5                pwl@kearneylittlefield.com

6

7  Gene J. Stonebarger, State Bar No. 209461
   gstonebarger@stonebargerlaw.com
8  Richard D. Lambert, State Bar No. 251148
   rlambert@stonebargerlaw.com
9  Elaine W. Yan, State Bar No. 277961
   eyan@stonebargerlaw.com
10 **STONEBARGER LAW**
   A Professional Corporation
11 75 Iron Point Circle, Suite 145
   Folsom, CA 95630
12 Telephone (916) 235-7140
   Facsimile (916) 235-7141
13

14 *Attorneys for Plaintiff Omar Atebar and the Class*

15              **SUPERIOR COURT OF CALIFORNIA**

16                **COUNTY OF SANTA CLARA**

17 OMAR ATEBAR, an individual, on behalf      Case No.  **1 1 4 C V 2 5 8 6 2 5**
   of himself and all others similarly situated
18                                            **CLASS ACTION COMPLAINT FOR:**

19                                            **1. VIOLATIONS OF THE**
                Plaintiff,                        **TELEPHONE CONSUMER**
20                                               **PROTECTION ACT, 47 U.S.C. § 227**
                    v.
21
   HAWTHORN LABS, INC., a Delaware           <u>DEMAND FOR JURY TRIAL</u>
22 corporation; and DOES 1-50, inclusive,

23              Defendants.

24

25

26

27

28

Plaintiff Omar Atebar ("Plaintiff"), on behalf of himself and the Class of all other similarly situated persons defined below, demands a trial by jury and hereby complains and alleges upon information and belief as follows:

## NATURE OF THE ACTION

1.      This action is brought on behalf of all consumers who have received unsolicited and un-consented to text messages on their cellular telephones from Circle – The Local Network which is a mobile application created and maintained by Defendant Hawthorne Labs, Inc. ("Defendant"), in violation of the Federal Telephone Consumer Protection Act.

2.      Defendant created, maintains, and operates a mobile application wherein individuals who have downloaded Defendant's mobile application are able to become part of a network – a "circle" – wherein they can connect with other application users with like interests. In an attempt to promote its service, Defendant made (or directed to be made on its behalf) unauthorized promotional text message calls to the cellular telephones of consumers throughout the country – without prior consent – in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

3.      Neither Plaintiff nor any other member of the putative Class has ever provided Defendant with their cellular telephone numbers, let alone provided it with consent to send them promotional text messages.

4.      By making these unauthorized text message calls, Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies the receipt of unauthorized text message calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such unauthorized text message calls.

5.      On behalf of himself and the putative Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized text message call activities alleged herein and an award of statutory damages to Plaintiff and the other members of the putative Class, together with costs and reasonable attorneys' fees.

/ / /

-1-

**JURISDICTION AND VENUE**

6.     The Superior Court of the State of California has jurisdiction over this action pursuant to Article VI, section 10 of the California Constitution, because this case is not a cause given by statute to other trial courts.

7.     This Court has personal jurisdiction over Defendant because Defendant is registered with the California Secretary of State to do business in California, and did sufficient business in, has sufficient contacts with, and intentionally availed itself to the laws and markets of California through the promotion, sale, marketing, distribution and operation of its products and services, as to render exercise of jurisdiction by this Court permissible.

8.     Venue is proper in Santa Clara County because Defendant is currently doing and has done during the relevant time period significant amounts of business in the County of Santa Clara.  In addition, many of the acts and practices giving rise to Plaintiff's claims occurred in Santa Clara County.

9.     The amount in controversy exceeds the jurisdictional minimum of this Court.

**PARTIES TO THE ACTION**

10.     Plaintiff Omar Atebar is a real person residing in the State of California who received an unsolicited and un-consented to text message from Defendant on or about September 11, 2013.

11.     On information and belief, Defendant is a Delaware corporation with its principal place of business located at 260 Homer Avenue, Suite 201, Palo Alto, California 94301, engaged in the business of developing social network applications for mobile devices including, Circle – The Local Network.

12.     Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 100, inclusive, and therefore, sue such Defendants by such fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Doe Defendants is legally

-2-

responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and the Class. Each reference in this complaint to "Defendants," "Defendant," or a specifically named defendant refers also to all Defendants sued under fictitious names.

13. Plaintiff is informed, believes, and thereon alleges that all Defendants were at all relevant times acting as actual agents, conspirators, aiders and abettors who provided substantial assistance with knowledge of the wrongful conduct, ostensible agents, partners and/or joint venturers and employees of all other Defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, joint venture, conspiracy and/or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their Co-Defendants; however, this allegation is pleaded as an "alternative" theory wherever not doing so would result in a contradiction with other allegations.

14. As an alternative theory, Plaintiff is informed and believes, and on that basis alleges, that Defendants are alter egos of each other. Plaintiff is informed, believes, and on that basis alleges, that there is common control over Defendants, and they operate pursuant to a common business plan. There is unity of interest among Defendants. The alternative alter-ego relationship among the Defendants should be recognized to prevent an injustice. If the alter-ego relationship among Defendants is not recognized, an inequity will result because an entity responsible for wrongdoing will be shielded from liability. Moreover, the Co-Defendant entities that make, in whole or in part, the decisions concerning the wrongdoing alleged herein would escape liability, which is inequitable. Furthermore, the alter-ego relationship should be recognized to ensure effective injunctive and declaratory relief, so that the wrongful practices alleged herein are not relocated to an affiliated company.

## GENERAL ALLEGATIONS

15. In the past decade, communications via short message service (SMS) technology and/or multimedia message service (MMS) has proliferated throughout the United States.

/ / /

/ / /

CLASS ACTION COMPLAINT

16.     Today, billions of consumers worldwide have telephonic devices which permit them to receive SMS and/or MMS messages, permitting consumers throughout California and the rest of the United States to engage in telephone conversations utilizing such messages.

17.     For many consumers (e.g., hearing impaired persons), SMS and/or MMS messages are the only way that they converse on the telephone. However, marketing (a/k/a commercial solicitation) through message service messages is inherently injurious to consumers who have telephonic devices with SMS and/or MMS message capabilities (e.g., cellular telephones and pagers). In fact, such marketing has injured consumers. For example, as a consequence of marketing via message service messages:

    a.  Consumers incur increased monetary costs for their message services;

    b.  Consumers lose storage capacity on their telephones and related devices;

    c.  The limited storage capacity of telephonic devices can be exhausted by unwanted message service messages resulting in the inability of consumers to receive necessary and/or expected communications;

    d.  Consumers are deprived of the opportunity to immediately question a seller of goods and services about the veracity of the seller's claims;

    e.  The privacy of consumers is invaded;

    f.  The telephone networks upon which consumers rely are used inefficiently and harmed to the detriment of consumers;

    g.  Consumers are annoyed and harassed;

    h.  Consumers and their property are susceptible to injury and/or are injured in other ways in accord with proof to be presented at trial.

18.     On September 11, 2011, Defendant sent Plaintiff an unsolicited and un-consented to text message which solicited Plaintiff to join The Local Network by downloading the application from his mobile device.   Specifically, the message read as follow:

    "Omar, I messaged you on Circle, the Local Network.  Get the app:

    http://discoveryCircle.com/download?sms=1."

19.    The caller identification associated with the received text message was +1 (916) 200-8924, a number that, on information and belief, is owned by Defendant.

20.    Upon information and belief, Defendants send numerous such unsolicited and un-consented to text messages to many persons.

21.    At no time did Plaintiff ever enter into a business relationship with Defendants.

22.    Defendants' text messages were solicitations of business from Plaintiff.

23.    At no time did Plaintiff expressly consent to receive such messages from Defendants.

24.    Upon information and belief, Defendants utilized an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. section 227(a)(1) to send the above-referenced text message to Plaintiff and others similarly situated.  This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

25.    The telephone number Defendants called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls and texts.

## CLASS ALLEGATIONS

26.    Pursuant to California Code of Civil Procedure 382, Plaintiff brings this class action on behalf of himself and as a representative of the following class of persons entitled to remedies under law including, but not limited to, damages:

> All persons in the United States of America who were sent, to their cellular or pager numbers, unsolicited and un-consented to SMS or MMS messages from Defendant which were solicitations without the recipients' prior express consent within the four years prior to the filing of this Complaint.

Excluded from the Class are all managers and directors of Defendants and members of their immediate families, the Court, and legal counsel for either side, and all members of their immediate families.

27.    This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation:

a.    ***Numerosity:*** The Class is so numerous that joinder of all members is impractical. There are likely thousands of members of the Class.

b.    *Ascertainability:* The identities of the Class members are ascertainable from Defendants' records.

c.    ***Common Questions Predominate:*** There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members. The principal issues include, *inter alia*:

      i.    Whether Defendants negligently caused violations of the Telephone Consumer Protection Act, 47 U.S.C. section 227, when sending unsolicited and un-consented to SMS or MMS messages to Plaintiff and the Class;

      ii.    Whether Defendants willfully caused violations of the Telephone Consumer Protection Act, 47 U.S.C. section 227, when sending unsolicited and un-consented to SMS or MMS messages to Plaintiff and the Class;

      iii.    Whether Defendants used an automatic telephone dialing system to send unsolicited and un-consented to SMS or MMS messages to Plaintiff and the Class;

      iv.    Whether Plaintiff and the Class are entitled to damages for Defendant's actions;

      v.    Whether Defendants should be enjoined from engaging in such conduct in the future.

d.    *Typicality:* Based on the conduct described above, Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have similar claims and remedies arising out of Defendants' common course of conduct complained of herein.

e.    *Adequacy:* Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff is committed to vigorously litigating this matter, and has retained counsel experienced in handling class claims. Neither Plaintiff nor Plaintiff's counsel have any irreconcilable conflicting interests that might cause them not to vigorously pursue this claim.

f.    *Superiority:* A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal law. Management of these claims is likely to present significantly fewer

difficulties than those presented in many class claims.  A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members would be impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, since individual member's claims for damages are relatively modest, the expenses and burdens of litigating individual actions would make it difficult or impossible for individual members of the Class to redress the wrongs done to them. An important public interest will be served by addressing the matter as a class action, substantial economies to the litigants and to the judicial system will be realized, and the potential for inconsistent or contradictory adjudications will be avoided.

## FIRST CAUSE OF ACTION

### Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227

28.     Plaintiff reasserts and re-alleges the allegations set forth in the above paragraphs as if the same were alleged herein this count.

29.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

30.     Negligently, recklessly, willfully, and/or intentionally, Defendants directly and/or vicariously engaged in acts, omissions, and/or other conduct as referenced herein this complaint that violates the Telephone Consumer Protection Act.  Defendants directly and/or vicariously used automatic telephone dialing systems to initiate unsolicited and un-consented to telephone calls to Plaintiff's cellular telephone and/or pager numbers.

31.     Plaintiff is entitled to recover $500 in damages from the Defendants for each violation of the Telephone Consumer Protection Act.

32.     Additionally, Plaintiff is entitled to all damages referenced herein and in accord with proof, attorneys' fees, costs, treble damages, injunctive relief, and other remedies allowed by the Telephone Consumer Protection Act.

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff demands judgment against Defendants and prays that this Court do the following:

A.  Order Defendants to make Plaintiff and the Class whole with an award of damages in accord with the allegations of this Complaint and proof to be presented at trial.

B.  Order Defendants to make Plaintiff and the Class whole by providing appropriate prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices.

C.  Order Defendants to pay Plaintiff and the Class punitive and/or treble damages to the fullest extent allowed by law.

D.  Order injunctive relief prohibiting such conduct in the future.

E.  Award Plaintiff and the other class members the costs of this action, including attorneys' fees,

F.  In accord with proof at trial, grant any additional or further relief as provided by law or equity that the Court finds appropriate, equitable, or just.

Dated: January 3, 2014          **KEARNEY LITTLEFIELD, LLP**

**STONEBARGER LAW, APC**

By:_____

Richard D. Lambert
Attorneys for Plaintiff and the Class

CLASS ACTION COMPLAINT

1

### DEMAND FOR JURY TRIAL

2

Plaintiff hereby demands trial by jury.

3

4

Dated: January 3, 2014                          **KEARNEY LITTLEFIELD, LLP**

5

**STONEBARGER LAW, APC**

6

7

8

By:_____

9

Richard D. Lambert
Attorneys for Plaintiff and the Class

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Gene J. Stonebarger (SBN: 209461)<br>Richard D. Lambert  (SBN: 251148)<br>STONEBARGER LAW, APC<br>75 Iron Point Circle, Suite 145, Folsom, CA  95630<br>TELEPHONE NO.: (916) 235-7140   FAX NO.: (916)-235-7141<br>ATTORNEY FOR *(Name):*  Plaintiff OMAR ATEBAR | *(stamp)*<br><br>2014 JAN -7  A 8: 39<br><br>J. CAO-NGUYEN |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SANTA CLARA**
STREET ADDRESS:
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA  95113
BRANCH NAME:

CASE NAME: OMAR ATEBAR, et al., v. HAWTHORN LABS, INC., et al.

| CIVIL CASE COVER SHEET<br>☒ Unlimited   ☐ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | Complex Case Designation<br>☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | CASE NUMBER:<br>**114CV258625**<br>JUDGE:<br>DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☒ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☒ is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f ☐ Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. ☒ monetary  b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 1
5. This case ☒ is  ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: January 3, 2014

Gene J. Stonebarger
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

American Legal Net, Inc.
www.USCourtForms.com

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

Exhibit B

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ENDORSED

2014 JAN -7 A 8: 39

J. CAO-NGUYEN

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HAWTHORN LABS, INC., a Delaware corporation,
and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
OMAR ATEBAR, an individual, on behalf of himself and all others similarly
situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):* **114CV258625**

Santa Clara County Superior Court
Civil Division
191 North First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gene J. Stonebarger, Esq. Richard D. Lambert, Esq.
STONEBARGER LAW, APC, 75 Iron Point Circle, Suite 145, Folsom, CA 95630
Tel: (916) 235-7140 Fax: (916) 235-7141

DATE: JAN -7 2014                    DAVID H. YAMASAKI              Clerk, by _____ , Deputy
*(Fecha)*                            Chief Executive Officer, Clerk   *(Secretario)*      J. CAO-NGUYEN     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit C

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Gene J. Stonebarger (SBN 209461)<br>Richard D. Lambert (SBN 251148)<br>STONEBARGER LAW APC<br>75 Iron Point Cir., Suite 145, Folsom, CA  95630<br>TELEPHONE NO.: (916) 235-7140    FAX NO. *(Optional):* (916) 235-7141<br>E-MAIL ADDRESS *(Optional):* gstonebarger@stonebargerlaw.com; rlambert@stonebargerlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff Omar Atebar | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA  95113
BRANCH NAME:

PLAINTIFF/PETITIONER: OMAR ATEBAR

DEFENDANT/RESPONDENT: HAWTHORN LABS, INC., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>114CV258625 |
|---|---|

TO *(insert name of party being served):* HAWTHORNE LABS, INC., a Delaware corporation

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 29, 2014

Richard D. Lambert
_____
(TYPE OR PRINT NAME)

►  _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*
    Civil Case Cover Sheet; Civil Lawsuit Notice

*(To be completed by recipient):*

Date this form is signed: 2/18/2014

Darcie A. Tilly
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

►  _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

## PROOF OF SERVICE

I am a citizen of the United States and a resident of the State of California.  I am employed in San Diego County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made.  I am over the age of 18 years, and not a party to the within action.  My business address is Cooley LLP, 4401 Eastgate Mall, San Diego, California  92121. My e-mail address is maraujo@cooley.com.  On February 18, 2014, I served the following documents on the parties listed below in the manner(s) indicated:

### NOTICE OF ACKOWLEDGEMENT OF RECEIPT

☒ (BY U.S. MAIL – CCP § 1013a(1)) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Diego, California.

☐ (BY MESSENGER SERVICE – CCP § 1011) I consigned the document(s) to an authorized courier and/or process server for hand delivery on this date.

☐ (BY FACSIMILE – CCP § 1013(e)) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐ (BY OVERNIGHT MAIL – CCP § 1013(c)) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by _____ for overnight delivery.

☐ (BY ELECTRONIC MAIL – CCP § 1010.6(a)(6)) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused such documents described herein to be sent to the persons at the e-mail addresses listed below at approximately _____.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Gene J. Stonebarger, Esq.
Richard D. Lambert, Esq.
STONEBARGER LAW, APC
75 Iron Point Circle, Ste. 145
Folson, CA 95630
Phone: (916) 235-7140
Fax: (916) 235-7141

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1       I declare under penalty of perjury under the laws of the State of California that the above

2   is true and correct.

3       Executed on February 18, 2014, at San Diego, California.

_____

Marcie Araujo

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**PROOF OF SERVICE**